# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 25, 2010 Session

## ALLEN MATHIS, ET AL. v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. T20061302     Stephanie Reevers, Commissioner**



**No. M2009-02398-COA-R3-CV - Filed June 18, 2010**

This is an appeal from the Tennessee Claims Commission. The Commission dismissed the appellant's claim pursuant to Tennessee Code Annotated section 9-8-402(b) for failure to prosecute. In its order, the Commission also denied a motion to transfer the claim to the Wayne County Circuit Court for consolidation with a companion case. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee Claims**
**Commission Affirmed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Allen Mathis, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General and James D. Foster, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Allen Mathis, filed a notice of claim against the State of Tennessee ("the State") with the Tennessee Division of Claims Administration ("TDCA") on May 4, 2006.[1] The TDCA was unable to act on Mr. Mathis's claim within ninety days and accordingly transferred the claim to the Tennessee Claims Commission ("the Commission")

---

[1]Mr. Mathis filed his notice of claim along with Frances Mathis and Brian Lee Mathis, but only Mr. Mathis has appealed its dismissal.

pursuant to Tennessee Code Annotated section 9-8-402(c).[2]  On August 9, 2006, the Commission entered an initial order governing the proceedings, which expressly noted that Tennessee Code Annotated section 9-8-402(b) mandates dismissal with prejudice of any claim upon which no action was taken for a one-year period.  The appellant nevertheless took no action with respect to his claim following its filing.

On January 16, 2008, Claims Commissioner Stephanie R. Reevers issued an order to show cause why the claim should not be dismissed for failure to prosecute.  In his response, Mr. Mathis explained that he was actively pursuing a companion case involving consolidated actions against the City of Waynesboro and two private defendants, which he asserted arose out of the same set of operative facts.  He asked the Commission to keep the matter pending until the companion case could be resolved, arguing that "it is more prudent to proceed first against those which the allegations provide more culpability."  His response further noted that an expert report produced in the companion case had placed primary responsibility for the complained of loss on the private defendants and added that "the need for judicial economy demands that the matter in Circuit Court for Wayne County be heard first due to it possibly resulting in the claim before the Claims Commission being resolved in its entirety without a hearing and without further cost to the [S]tate."  The Commission was apparently persuaded to defer dismissal of the claim—at least initially—while Mr. Mathis pursued his companion case, but no order was entered to this effect.

The record reflects that no further filings occurred in the case until June 27, 2009, when Mr. Mathis's failure to prosecute his claim was raised for a second time.  Citing nearly three years of inactivity, the State filed a motion to dismiss supported by an affidavit and memorandum of law arguing that Tennessee Code Annotated section 9-8-402(b) mandated dismissal.  The affidavit in support of the State's motion stated that, although Mr. Mathis had requested his claim be kept pending in the Commission until the circuit court case was resolved, the trial in circuit court had been continued on more than one occasion without notice to the State and had not occurred as of July 27, 2009.  The affidavit further stated that Mr. Mathis's attorney in the Commission, Christopher Sockwell, no longer intended to represent him.

---

[2]Tennessee Code Annotated section 9-8-402(c) provides:

> The division of claims administration shall investigate every claim and shall make every effort to honor or deny each claim within ninety (90) days of receipt of the notice. . . .  If the division fails to honor or deny the claim within the ninety-day settlement period, the division shall automatically transfer the claim to the administrative clerk of the claims commission.

Tenn. Code Ann. § 9-8-402(c) (Supp. 2009).

On August 4, 2009, Mr. Mathis filed a *pro se*, handwritten response to the State's motion to dismiss maintaining his desire to conclude the companion case in circuit court before proceeding against the State.[3] His response also acknowledged that Mr. Sockwell was no longer representing him in either the Commission or the circuit court proceeding. Thereafter, Mr. Sockwell filed a motion to withdraw as counsel in the matter and to allow Mr. Mathis thirty days to find new counsel, which the Commission granted. Mr. Mathis, however, did not obtain new counsel; rather, he filed a *pro se* motion to transfer his claim to the Wayne County Circuit Court pursuant to Tennessee Code Annotated section 9-8-404(b).

On October 16, 2009, the Commission denied Mr. Mathis's motion to transfer and dismissed his claim for failure to prosecute. Its order stated, in pertinent part:

> On January 16, 2008, because the record reflected no activity in prosecution of the claim, the Commission ordered claimants to show cause why it should not be dismissed pursuant to Tenn. Code Ann[.] § 9-8-402(b). Claimants responded to the Order on February 20, 2008, indicating that a related case in circuit court, which was potentially dispositive of this claim, was set for trial in April and requested that the matter not be dismissed.

> After more than a year, on July 27, 2009, the defendant moved to dismiss this matter for failure to prosecute, pursuant to Tenn. Code Ann. § 9-8-402(b). The motion, which is supported by an affidavit of counsel, reflects that no steps to prosecute the claim have been taken since its filing.

> Claimants do not dispute that no action has been taken with respect to this claim and rely upon the response to the show cause order filed in February of 2008. That response, however, indicated that the related case was to be tried in April of 2008 and requested that this claim remain pending until that resolution. That trial apparently did not occur. Claimants neither notified this Commission of this fact nor sought its written consent to stay this matter.

> Although claimants have apparently taken the position that the circuit court claims must be resolved before the instant claim, the rationale for this opinion is unclear. What is clear is that although those claims have been pending for several years now, there has been no showing made that the State was involved in any of the pretrial proceedings in that matter or that any

---

[3]Mr. Mathis's response further suggests that he was under the impression that the circuit court matter *must* have been resolved prior to the resolution of the claim against the State. As the Commission noted in its order, neither Mr. Mathis nor his prior attorney offered any explanation or support for this position.

resolution of those claims is imminent.

Because the Commission concludes that no action has been taken to further this claim to disposition in more than one year, dismissal of this matter is mandated by Tenn. Code Ann. § 9-8-402(b). This claim is therefore dismissed. The motion to transfer is denied.

Mr. Mathis timely appealed the decision of the Commission, raising two questions, as we perceive them, for our review:

(1) whether the Commission erred when it denied his motion to transfer;

(2) whether the Commission erred when it dismissed his claim for failure to prosecute.[4]

We will address these questions in turn.[5]

Mr. Mathis first submits that the Commission erred when it denied his motion to transfer the claim pursuant to Tennessee Code Annotated section 9-8-404(b).[6] Though he

---

[4]The State raises the additional issue of whether, in the alternative, the Commission properly dismissed Mr. Mathis's claim pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. Our resolution of the questions presented by Mr. Mathis makes consideration of this issue unnecessary.

[5]We note that questions raised in the appellant's brief regarding the pending case in circuit court are not before this Court in the present appeal; further, we will not consider facts for which there is no citation to or appearance in the record.

[6]Tennessee Code Annotated section 9-8-404(b) provides:

(b) The commission *may* transfer the action to the appropriate chancery or circuit court with venue on its own after a determination, in writing, by the commission that fair and complete resolution of all claims involved cannot be accomplished in administrative proceedings before the commission. Such transfers shall be limited to tort claims arising out of the same fact situation where much of the evidence to be presented would be admissible against the state and one (1) or more additional defendants. If such transferred claim is not consolidated for trial, the claim against the state shall be transferred back to the commission. If, prior to the time of trial, all claims other than those against the state have been dismissed, settled or otherwise concluded, upon motion of the state the claim shall be transferred back to the commission. The transferred claim shall be handled in accordance with the provisions of this part, except the normal procedural rules of the court shall be applicable. Appeal from the chancery or circuit court shall be to the court of appeals.

(continued...)

raises the issue in the questions presented section of his brief, Mr. Mathis has not offered any argument or explanation in support of his contention that the Commission erred when it denied his motion. He does not, for example, argue that Commissioner Reevers abused her discretion when she denied the transfer of his claim, nor does he cite any facts in support of such an argument. Mr. Mathis simply has provided this Court with no basis upon which to reverse the decision of the Commission. Consequently, any assignment of error on this issue is waived. *See* Tenn. R. App. P. 27(a)(7) (requiring parties to present an argument supported by authority); Tenn. Ct. App. R. 6(a)–(b) (requiring parties to cite to determinative facts and alleged errors in the record); *Moore v. State*, No. W2008-02699-COA-R3-CV, 2009 WL 4932203, at *3 (Tenn. Ct. App. Dec. 23, 2009) (*no perm. app. filed*) (citations omitted) (recognizing that an appellate court will not act as an advocate on behalf of a *pro se* party who has failed to argue an issue); *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000) (citations omitted) (explaining that appellate courts will not consider issues not raised or properly argued in the appellant's brief). The denial of Mr. Mathis's motion to transfer is affirmed.

The next question before this Court is whether the Commission properly dismissed Mr. Mathis's claim for failure to prosecute. Tennessee Code Annotated section 9-8-402(b) provides, in pertinent part:

> Absent prior written consent of the commission, *it is mandatory* that any claim filed with the claims commission upon which no action is taken by the claimant to advance the case to disposition within any one-year period of time be dismissed with prejudice.

Tenn. Code Ann. § 9-8-402(b) (Supp. 2009) (emphasis added). This Court has recognized on several occasions that the plain language of the statute mandates dismissal if no action is taken for a one-year period. *E.g. Skipper v. State*, No. M2009-00022-COA-R3-CV, 2009 WL 2365580, at *3-4 (Tenn. Ct. App. July 31, 2009), *perm. app. denied* (Tenn. Mar. 1, 2010); *Jones v. State*, No. M2006-02299-COA-R3-CV, 2007 WL 2198171, at *5 (Tenn. Ct. App. June 29, 2007); *Grissom v. State*, No. W2001-03021-COA-R3-CV, 2002 WL 31895712, at *2 (Tenn. Ct. App. Dec. 23, 2002). In this case, Mr. Mathis essentially

---

[6](...continued)
Tenn. Code Ann. § 9-8-404(b) (1999) (emphasis added). Tennessee Code Annotated section 9-8-404(b) vests sole discretion in the claims commissioner to determine whether to transfer a case to state court for consolidation. *Mullins v. State*, 294 S.W.3d 529, 540 (Tenn. 2009) (citations omitted). This section of the Code "permits, but does not require, a claims commissioner to transfer claims against the State and state employees to state court to be consolidated with related claims." *Id.* The denial of a motion to transfer pursuant to Tennessee Code Annotated section 9-8-404(b) is accordingly reviewed for an abuse of discretion. *See Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003), *perm. app. denied* (Tenn. June 28, 2004).

concedes that his claim has remained dormant since its filing; furthermore, he has not presented evidence to rebut the facts as set forth in the State's sworn affidavit concerning his failure to prosecute.

Mr. Mathis nonetheless argues that the Court should reverse the decision of the Commission, asking this Court to carve out an exception from the mandatory directive of Tennessee Code Annotated section 9-8-402(b) because a related case is pending in circuit court.[7]  Adoption of his proposed exception would, in effect, permit parties to stay proceedings in the Commission indefinitely without prior written consent while pursuing a related cause of action in state court.  Mr. Mathis, however, has cited no authority in support of his position and we find none; rather, the proposed exception runs directly contrary to the clear intent of the statute to eliminate dormant claims from the Commission's docket if the Commission has not previously consented to the inactivity in writing.  If such an exception to Tennessee Code Annotated section 9-8-402(b) is to be provided, it is the General Assembly which must provide it.  It is not within the province of the judiciary to rewrite statutes under the guise of judicial interpretation, thereby substituting its policy preference for that of the legislature. *See Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 517 (Tenn. 2005).  While it is not clear why the Commission did not dismiss this claim following the issuance of the initial show cause order, its decision to do so upon the State's subsequent motion to dismiss was proper.  The dismissal of Mr. Mathis's claim for failure to prosecute is affirmed.

## Conclusion

For the foregoing reasons, we affirm the decision of the Commission.  Costs of this appeal are taxed to the appellant, Allen Mathis, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[7]Mr. Mathis does not argue that he secured the prior written consent of the Commission or that the Commission erroneously determined he failed to take action with respect to the claim.