IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 13, 2011

# BILLIE SEAY FUBO[1] NATIONWIDE INSURANCE v. BETTY WALSH ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 3-322-06     Wheeler A. Rosenbalm, Judge**

_____

**No. E2010-02598-COA-R3-CV-FILED-AUGUST 11, 2011**

_____

On or about May 28, 2005, Billie Seay was involved in an automobile accident with a vehicle driven by the defendant Thomas E. Walsh ("the Driver"), which vehicle was owned by the defendant Betty Walsh ("the Owner"). Seay's insurance company, Nationwide Insurance Company, settled her claim and filed this subrogation action in Seay's name for the use and benefit of Nationwide against the Driver and the Owner. The Driver and the Owner filed separate pro se answers. The Owner appeared at trial, but the Driver did not appear. The trial court entered a judgment against both defendants. Two and a half years later, the Driver filed a motion to set aside the judgment. It was denied. He then filed a series of similar unsuccessful post-judgment motions. The Driver appeals from the last order denying post-judgment relief.[2] We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Thomas E. Walsh, Nashville, Tennessee,[3] appellant, pro se.

Alan S. Kleiman, Memphis, Tennessee, for the appellee, Billie Seay fubo Nationwide Insurance Company.

_____

[1] For the use and benefit of.

[2] The Owner, who is the Driver's mother, died after this appeal was filed. She is not a party to this appeal.

[3] The defendant is presently incarcerated in Nashville.

# OPINION

## I.

A concise statement of the factual and procedural background of this case is contained in the trial court's March 16, 2010, order which denied the first of a series of post-judgment motions filed by the Driver. We repeat the relevant parts of that order:

> [The] record reveals that the defendants were sued in this case by a complaint filed on June 27, 2006. The plaintiff in that complaint sought to recover damages from the defendants as a result of an automobile accident, the date of which is not stated in the complaint.[4]
>
> Both defendants filed pro se answers to the complaint. Those answers were filed on August 10, 2006.
>
> In his answer, [the Driver] admitted all the allegations of the plaintiff's complaint except a denial that he was driving while intoxicated or drugged and a denial that plaintiff had suffered great physical pain and mental anguish as a result of the accident.
>
> The allegations contained in [the Driver's] answer clearly indicated that he was liable to the plaintiff[ ] for damages growing out of the accident that is the subject matter of the complaint.
>
> The answer filed by [the Owner] admitted that [the Driver] was liable for the subject accident but it denied that [the Owner] was liable for that occurrence.
>
> This case came on for trial on May 7, 2007. [The Driver] did not appear for the trial but [the Owner] appeared pro se. After hearing all of the proof in the case the Court concluded that both

---

[4]Elsewhere in the record, the date of the accident is reflected as May 28, 2005.

defendants were liable to the plaintiff and a judgment in the amount of . . . $24,712.75 was awarded to the plaintiff against the defendants jointly and severally. That judgment was entered on June 8, 2007.

On December 11, 2009, more than two years and six months after the Court entered judgment against the defendants, the defendants, filed a motion to set the judgment aside. That motion was routinely set by the Clerk of the Court for hearing on March 26, 2010. It is that motion hearing which prompted [a] motion by defendants to appear by telephone or be excused from attending as aforesaid.

After carefully reviewing the record in this case the Court has concluded that the defendants are not entitled to any relief from the judgment entered by this Court on June 8, 2007. The motion seeking relief from that judgment comes far too late for this Court to consider the defendants' application for relief. Rule 60 of the Tennessee Rules of Civil Procedure requires such motions for relief from a judgment to be filed within a reasonable time and in all events not more than one year after entering the judgment. Consequently the Court determined that a hearing upon defendants' motion for relief from the judgment is unnecessary. . . . The Court is of the opinion that the motion to set aside the judgment can, and should be, overruled without any further hearing or consideration by the Court. It is therefore ordered that the motion to set aside judgment filed by defendants be . . . overruled and disallowed.

(Bold type and italicized material in original omitted; footnote added.)

The Driver filed a second motion to set aside the judgment on June 21, 2010. The Driver raised a number of grounds in his motion including improper service of process, statute of limitations, and a delay beyond the ten days allowed by local rule for the filing of a judgment. The Driver also asserted that his answer to the complaint was "inadmissable" because he was mentally incompetent at the time it was written due to over-prescribed narcotics. This second motion was "overruled" in an order entered July 27, 2010, which order states as follows:

After having reviewed this matter again this Court has concluded that [the Driver] has not shown that he is entitled to relief under Rule 60 of the Tennessee Rules of Civil Procedure and the Court accordingly concludes that defendant[']s current Motion should be overruled.

(Italicized material in original omitted.)

On September 20, 2010, the Driver filed an additional motion[5] asking the court to reconsider the July 27, 2010, order denying the previous motion to set aside judgment. On November 22, 2010, the trial court recited in its order of the same date that it "carefully reviewed [the Driver's] most recent [m]otion and found the same to be untimely and totally without merit." The court denied the "motion to reconsider" and ordered the Driver "not to file any further motions in this cause." The Driver filed a timely notice of appeal. He appeals "[s]pecifically, the Order dated November 22, 2010. . . ."

II.

The Driver purports to raise the following issues, which we here state verbatim:

Did the [trial court] error [sic] in allowing the plaintiff(s) to proceed with their action in view of the fact that it was not timely filed?

Did the [trial court] error [sic] in entering a Default Judgment against [the Driver,] in view of the fact that said Judgment was entered contrary [to] Knox County Local Rule XII and therefore not entered on a timely basis?

Was the [trial court's] decision to dismiss [the Driver's] post-judgment motion contrary to established precedent?

In view of the fact that the entire judicial process in this case was the result of an erroneous filing and therefore fraudulent, is

---

[5] The Driver filed yet another motion on November 15, 2010, asking the court to "Vacate Process Based on Defective Complaint." There is no order on that motion in the record. The lack of an order on the Driver's most-recently filed Tenn. R. Civ. P. 60.02 motion does not affect the finality of the trial court's order of November 22, 2010, the one being appealed in this case.

-4-

that process in fact the "fruits of the poisonous tree" and therefore null and void prima facie?

Are [the Owner and the Driver] entitled to relief in the form of the Final Judgment, Order and Process against them dismissed with prejudice?

## III.

We review a trial court's decision to grant or deny relief pursuant to Tenn. R. Civ. P. 60.02 under an abuse of discretion standard of review. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Under this standard, a trial court's holding "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision "which is against logic or reasoning that cause[s] an injustice to the party complaining." *Id.* (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Under this standard of review, the appellate court may not substitute its judgment for that of the trial court. *Id.* The Supreme Court has stated that "great deference" is given to the trial court when reviewing a decision under Rule 60.02. *Henry*, 104 S.W.3d at 479. We also review the grant or denial of a motion to alter or amend a judgment made pursuant to Tenn. R. Civ. P. 59.04 under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003).

## IV.

It is important to clarify what is before us on this appeal and what is not. Certainly the judgment entered June 8, 2007, is not on appeal. It became final when neither a Rule 59 motion nor a notice of appeal was timely filed. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4. For the same reason, the order entered March 16, 2010, denying the motion to set aside filed December 11, 2009, is also not subject to the appeal before us. It became final 30 days after its entry. Finally, for the same reasons, the order entered July 27, 2010, denying the second motion to set aside filed June 21, 2010, is not subject to appeal. It also became final 30 days after it was entered.

It is therefore clear that the only order subject to appeal is the order entered on November 22, 2010, denying the motion to reconsider filed September 20, 2010. In fact, the notice of appeal in this case states that it is filed as to "[s]pecifically, the Order dated November 22, 2010." The substance of the September 20, 2010, motion makes it clear that it was asking the court to reconsider its July 27, 2010 order. The motion was clearly untimely. A "motion to reconsider" can be treated as a motion to alter or amend pursuant to

Tenn. R. Civ. P. 59.04.[6] ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 794 n.3 (Tenn. Ct. App. 1997); Bradley H. Smith, Note, *The Tennessee Rules of Civil Procedure – Solving the Motion to Reconsider Conundrum*, 34 U. MEM. L.REV. 661, 691 (2004). However, Rule 59.04 explicitly states that the motion must be filed within 30 days of entry of the order being challenged. The Driver's motion "to reconsider" was filed approximately 55 days after the order was entered, on July 27, 2010. Accordingly, the trial court did not abuse its discretion in denying this untimely motion.

Alternatively, if we were to treat the motion that resulted in the order being appealed as one made pursuant to Tenn. R. Civ. P. 60.02[4], it is clear that the trial court did not abuse its discretion in holding that the motion was "untimely and . . . without merit." The motion was filed over three years after the entry of the judgment awarding the plaintiff a recovery against the defendants. The Supreme Court has found that a Rule 60.02 motion filed less than two years after entry of a final judgment was untimely. ***Cain by Cain v. Macklin***, 663 S.W.2d 794, 796 (Tenn. 1984). As to the merits of the motion, it was the Driver's burden to establish grounds for setting aside the judgment under Rule 60.02. ***Henry***, 104 S.W.3d at 482. We have reviewed the documents that he attached to his various post-judgment motions and find that they fall short of the heavy burden placed on the proponent of a Rule 60 motion. *See **Hungerford v. State***, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003). For example, he attempts to establish that he was mentally incompetent to file his answer by attaching to his motion *medical records that do not find him incompetent*. Also, he purports to establish that notices were sent to the wrong address, but one of the documents he has

---

[6] Tenn. R. Civ. Pro. 59.04. provides in pertinent part:

> A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of a judgment.

[4] Tenn. R. Civ. Pro. 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

attached to his many motions is a postcard notice sent to him at his mother's address, along with an envelope showing that his mother forwarded the postcard to him at the correct address. Moreover, with limited exceptions that are not applicable in this case, successive post-judgment motions are not allowed. Smith, Note, at 679. Accordingly, even if we were to treat the motion that the Driver filed September 20, 2010, as a Rule 60 motion, the trial court did not abuse its discretion in denying that motion.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Thomas E. Walsh. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE