IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 23, 2011 Session

## THOMAS PAUL SCOTT v. JAMES KEVIN ROBERSON

**Appeal from the Circuit Court for Lawrence County**
**No. CC238910       Robert L. Jones, Judge**

---

**No. M2011-00016-COA-R3-CV - Filed August 24, 2011**

---

Plaintiff injured in automobile accident died while his negligence action was pending. Plaintiff's counsel filed a suggestion of death but neglected to move to substitute a party for the deceased plaintiff within 90 days, as required by Tenn. R. Civ. P. 25.01(1). Defendants filed motions for summary judgment, which led plaintiff's estate to file a motion to enlarge time within which to move to substitute pursuant to Tenn. R. Civ. P. 6.02. The trial court determined plaintiff's counsel's neglect in moving to substitute within 90 days was not excusable and granted defendants' motions, dismissing the action. On appeal we affirm the trial court's judgment because we cannot conclude that the trial court abused its discretion in ruling the neglect was not excusable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Bart Durham, Blair P. Durham, H. Anthony Duncan, Nashville, Tennessee, for the appellant, Thomas Paul Scott.

Dianne M. Schwartz, Alisha M. Toll, Nashville, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

## OPINION

This case began as a negligence action but the issue on appeal involves the interplay of Tennessee Rules of Civil Procedure 25.01 and 6.02 and whether or not Thomas Paul Scott's estate proved excusable neglect for failing to file in a timely manner a motion to substitute a party for Mr. Scott following Mr. Scott's death, for the purpose of pursuing Mr. Scott's negligence claims.

# I. BACKGROUND

Thomas Paul Scott and James Kevin Roberson were involved in an automobile collision on July 7, 2009. Mr. Scott filed a Complaint against Mr. Roberson on April 8, 2010, seeking damages he suffered as a result of the accident. Mr. Roberson was allegedly uninsured at the time of the collision, leading Mr. Scott's uninsured/underinsured automobile insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), to step in as an unnamed defendant to defend the claims asserted by Mr. Scott. State Farm filed an Answer to the Complaint on August 10, 2010.

Mr. Scott died on June 11, and Mr. Scott's attorney filed a Suggestion of Death[1] on June 29, 2010. Tennessee Rule of Civil Procedure 25.01(1) requires a motion for substitution to be filed seeking to substitute a viable entity or living person to represent the deceased person's interest in the pending case within 90 days following the filing of the suggestion of death. If no motion for substitution is filed in this 90-day period, Rule 25.01(1) states that "the action shall be dismissed as to the deceased party." The entirety of Rule 25.01(1) is as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action **shall be dismissed** as to the deceased party. (Emphasis added.)

Neither Mr. Scott's attorney nor any other person or entity filed a motion for substitution within the requisite 90-day period. After 90 days had passed, State Farm and Mr. Roberson filed separate motions for summary judgment in which each asked the trial court to dismiss Mr. Scott's Complaint because no motion for substitution had been filed as required by Rule 25.01(1). A few weeks following the receipt of State Farm's and Mr.

---

[1]Tennessee Rule of Civil Procedure 25.01(2) provides:

In the event of the death of one or more of the plaintiffs or of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

Roberson's motions for summary judgment, Mr. Scott's estate filed a motion to enlarge time and a motion to substitute a party for Mr. Scott.

Despite the mandatory language set forth in Rule 25.01(1), Tenn. R. Civ. P. 6.02 provides that the time within which an act must be performed may be enlarged upon the showing of excusable neglect:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect . . . .

Mr. Scott's attorney asserted the reason for his failure to file a motion for substitution within the requisite 90-day period was that he believed another lawyer in his firm had filed the motion before the 90-day period expired. He asserted his neglect was excusable, the defendants had suffered no prejudice as a result of his delay, and that the court should therefore extend the time within which he could move to substitute a party for Mr. Scott for the purpose of keeping Mr. Scott's action alive.

Following a hearing on November 19, 2010, in which the trial court considered all pending motions, the court issued an order granting State Farm's and Mr. Roberson's motions for summary judgment and denying the motion to enlarge time and substitute a party for Mr. Scott. The court wrote:

> This Honorable Court finds that there was no excusable neglect on the part of the Plaintiff in not substituting a proper party within ninety (90) days after the Suggestion of Death was filed with this Court. This Honorable Court further finds that as the Plaintiff was the party that filed the Suggestion of Death upon the record, there was no excuse for the Plaintiff not acting within ninety (90) days pursuant to Tenn. Rules of Civil Procedure 25.02 [sic] to substitute the proper party.

Mr. Scott's estate duly filed a notice of appeal arguing the trial court erred in denying its motion to enlarge time and substitute a party for Mr. Scott.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The resolution of a motion for summary judgment is a matter of law; appellate courts therefore review the trial court's judgment *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008), citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). The moving party is entitled to summary judgment if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *Martin,* 271 S.W.3d at 83; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). The moving party carries the burden of persuading the court there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Martin*, 271 S.W.3d at 83, citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn.1993).

Obviously, the grant of summary judgment was appropriate if no party was substituted for the only plaintiff. Therefore, the real question is whether the trial court erred in denying the motion for enlargement of time and the late-filed motion to substitute.

The resolution of these motions turns on the interpretation and application of Rules 25.01 and 6.02 to the facts of this case. "Trial courts are afforded broad judicial discretion in procedural matters in order to expedite litigation and to preserve fundamental rights of the parties." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994). Therefore, Mr. Scott's estate must demonstrate that the trial court abused its discretion in denying the motion to enlarge time and file a motion to substitute a party for Mr. Scott. This means Mr. Scott's estate must show the trial court applied an incorrect legal standard or reached a decision that is against logic or reasoning that caused an injustice to Mr. Scott's estate. *Pryor v. Rivergate Meadows Apartment Assoc. Ltd. P'ship*, 338 S.W.3d 882, 885 (Tenn. Ct. App. 2009), citing *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (further citations omitted).

### B. EXCUSABLE NEGLECT

Tennessee Rule of Civil Procedure 6.02 provides that the time may be enlarged for Mr. Scott's estate to file a motion for substitution if the estate can show its failure to act within the requisite time frame was due to excusable neglect. Mr. Scott's estate relies on *Douglas v. Estate of Robertson*, 876 S.W.2d 95 (Tenn. 1994), in arguing the trial court erred in failing to find his neglect was excusable. In *Douglas*, the plaintiffs filed a negligence action against an individual who died during the discovery portion of the case. *Id*. at 96. The defendant's attorney filed a suggestion of death but did not move to substitute the estate for

the deceased named defendant. The plaintiffs neglected to file a motion to substitute within the following 90 days, and at the end of this period the defendant's estate filed a motion to dismiss pursuant to Rule 25.01. *Id.* After the defendant's estate moved to dismiss the case, the plaintiffs moved to enlarge the time within which to substitute the defendant's estate as a party, which the trial court granted. *Id.*

The defendant's estate appealed, arguing the trial court erred in denying its motion for summary judgment and granting the plaintiffs' motion to enlarge time. *Id.* The appellate court reversed the trial court after concluding the plaintiffs had failed to carry their burden of proving their neglect was excusable, *Douglass v. Estate of Robertson*, 1992 WL 95620, at *3 (Tenn. Ct. App. May 11, 1992), and the plaintiffs appealed to the Tennessee Supreme Court, *Douglas*, 876 S.W.2d at 97.

In its opinion, the Tennessee Supreme Court emphasized the broad discretion a trial court has in ruling upon procedural matters, stating:

> An appellate court will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining.

*Id.*, citing T.R.A.P. 36(b) and *Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn. App. 1990).

While the *Douglas* court did not address the excusable nature of the plaintiffs' neglect, it noted the defendant's estate suffered no harm as a result of the plaintiffs' delay because the defense filed an answer to the complaint, engaged in discovery, and admitted liability at trial. *Id.* at 98. Because of the trial court's wide discretion in determining whether or not the plaintiffs' neglect was excusable, the *Douglas* court reversed the Court of Appeals' judgment and reinstated the trial court's judgment granting the plaintiffs' motion to enlarge time and substitute a party. *Id.* at 98.

The facts of this case differ significantly from those of *Douglas*. To begin with, Mr. Scott was the plaintiff herein, Mr. Scott's attorney filed the Suggestion of Death, and the plaintiff was the party interested in pursuing the action following Mr. Scott's death. The plaintiff's estate had no reason to delay filing a motion to substitute a party for Mr. Scott if it was interested in continuing the action in the wake of Mr. Scott's death. In *Douglas*, by contrast, the defendant is the one who died and the defendant's attorney suggested his death on the record. *Id.* at 96. The defendant's estate had no motivation to substitute a party for the deceased defendant, making it incumbent on the plaintiffs to file the motion and ask the court to substitute the defendant's estate for the deceased defendant.

Even if the facts of this case were more similar, however, the *Douglas* holding would not require us to reverse the trial court. That is because the primary holding of *Douglas* is that the trial court has broad discretion and wide latitude to determine the procedural matters of its court. Consequently, Mr. Scott's estate carries a heavy burden to show the trial court abused its discretion in deciding the procedural matters as it did. *See Douglas*, 876 S.W.2d at 97 (trial judge has "wide latitude to enlarge on statutory or rule mandated limitations for the performance of acts required or allowed to be done within a specified time"); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003) (determination of excusable neglect is best left to lower court's discretion).

The trial court, in the exercise of its discretion, concluded the neglect by Mr. Scott's estate in failing to move to substitute within the 90-day period was not excusable. It is notable that the attorney who submitted an affidavit explaining why the motion to substitute was not filed within 90 days after the suggestion of death was not even the attorney of record for Mr. Scott. The attorney of record did not submit an affidavit or explain why he had failed to ensure the motion to substitute was filed in a timely manner. In these circumstances, we believe the trial court was justified in ruling the neglect by Mr. Scott's counsel was not excusable. *See Food Lion v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985) (carelessness is not synonymous with excusable neglect).

The main reason Mr. Scott's estate posits to show the trial court abused its discretion in denying its motion is that State Farm and Mr. Roberson would suffer no prejudice as a result of enlarging the time within which to substitute a party for Mr. Scott. While prejudice to the other party is a consideration in this context, the trial court must also find the failure to act as mandated was excusable. By concluding the excuse put forward by Mr. Scott's attorney was not in fact excusable, there was no need for the court to address any potential prejudice to the defendants if the motion to enlarge were granted. Accordingly, we conclude Mr. Scott's estate has failed to show the trial court abused its discretion in denying its motion to enlarge time and, therefore, we must affirm the court's grant of State Farm's and Mr. Roberson's motions for summary judgment.[2]

---

[2]Mr. Scott's estate argues the court should not have granted the motions for summary judgment because there was a disputed issue of fact, *i.e.,* whether the failure to move to substitute within the 90 days was excusable. That argument confuses the requirements for summary judgment with those for motions to enlarge time. The decision regarding whether the neglect was excusable was made in the determination of the plaintiff's motion to enlarge time. Once that motion was denied, the decision on summary judgment was whether the suit could proceed without a plaintiff.

## III. CONCLUSION

For the reasons stated above, we affirm the trial court's judgment in all respects. Costs shall be taxed to the estate of Thomas Paul Scott, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE