# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 4, 2013

## MICHAEL DANIEL FRY v. YURIKO SHINODA FRY

**Appeal from the Circuit Court for Davidson County**
**No. 99D1613      Phillip E. Smith, Judge**

---

**No. M2012-01541-COA-R3-CV- Filed September 6, 2013**

---

Husband and Wife were divorced in 2000 and Wife was awarded one-half of the retirement benefits Husband earned from the military during the parties' ten-year marriage. Wife has been unable to collect her portion of these benefits because the language of the court's decree does not satisfy the requirements of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. §1408, *et seq*. Shortly after the divorce was granted, Wife filed a Rule 60 motion to amend the court's Final Decree of Divorce to comply with the Act, which the trial court granted. Husband appealed because the trial court made substantive changes to Wife's award beyond what was necessary to comply with the Act. The Court of Appeals agreed with Husband on appeal and issued a mandate directing the trial court to amend its Final Decree using language meant to comply with the Act's requirements to enable Wife to receive her portion of Husband's retirement benefits directly from the military. Wife still has not been able to collect her portion of Husband's retirement benefits and filed another Rule 60 motion seeking to amend the Final Decree again to comply with the Act's requirements. The trial court denied Wife's motion and we reverse the trial court's judgment. Wife presents extraordinary circumstances entitling her to relief pursuant to Rule 60.02(5).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Bethany Peery Glandorf, James L. Widrig, Nashville, Tennessee, for the appellant, Yuriko Shinoda Fry.

D. Scott Parsley, Michael K. Parsley, Joshua G. Strickland, Nashville, Tennessee, for the appellee, Michael Daniel Fry.

# OPINION

Michael David Fry ("Husband") and Yuriko Shinoda Fry ("Wife") were granted a divorce in January 2000 after being married for a little over ten years. The Final Decree of Divorce awarded Wife a portion of Husband's Navy retirement benefits as follows:

> 9. It is further ORDERED, ADJUDGED AND DECREED that Wife is awarded one-half (½) of Mr. Fry's pension through the U.S. Navy that has vested during the term of the marriage. The parties will cooperate in the preparation of a Qualified Domestic Relations Order. Counsel for Mother shall prepare the Qualified Domestic Relations Order.

Wife attempted to establish her right to a portion of Husband's retirement pay with the Defense Finance and Accounting Service ("DFAS"), but she was unsuccessful because she did not provide DFAS with a decree including a specific amount or a formula by which a specific amount could be calculated. *See Fry v. Fry*, 2001 WL 1543478, at *1 (Tenn. Ct. App. Dec. 5, 2001) (providing history of case). Wife then filed a motion pursuant to Rule 60.02(5) of the Tennessee Rules of Civil Procedure asking the trial court to amend the final divorce decree "to carry out the intent of the previous order of the Court and to be in compliance with the Department of Defense." *Id.*

The trial court granted Wife's motion and entered an Amended Final Decree that provided as follows:

> The Court finds that the parties were married on April 11, 1989, in Guam, a territory of the United States of America. The Court further finds that as of November 9, 1999, Michael Daniel Fry had been in the United States Navy for 14 years and achieved the pay grade of E7. The Court further finds that the parties have been married at least 10 years of the 14 years that Husband has been in the Navy and therefore Wife is entitled to a minimum of fifty-percent (50%) of his Navy retirement.
>
> The Court further finds that if Husband completes a 20 year tour of duty and qualifies for retirement then the numerator of the fraction described in the Uniform Services Former Spouse Protection Act will be 10 years married and if he completes his tour of duty and qualifies for retirement the denominator of that fraction will be 20 year for the number of years of credible service. According to the 1999 Retired Military Almanac at page 28, an E7 with over 19 years of service will receive a monthly amount of military nondisability retirement pay of $1,106. If Husband is promoted between the date of this

order and the completion of 20 years of duty then this number will have to be adjusted to account for his promotion.

If for any reason the United States of America Department of Defense fails or refuses to carry out the intent of this order then Husband, Michael D. Fry, is ordered by this Court to pay to Yuriko S. Fry, his ex-wife, fifty percent (50%) of any retirement benefit he receives as a result of his service in the United States Navy. Michael D. Fry is further ordered to make said payment to Yuriko S. Fry within ten (10) days of receiving his retirement benefit payment.

Husband appealed the trial court's Amended Final Decree, arguing that the Amended Final Decree significantly altered the Final Decree of Divorce because the Final Decree awarded Wife only one-half of Husband's retirement pay that accrued during the parties' marriage. The Court of Appeals agreed with Husband's argument, reversed the trial court's judgment granting Wife relief, and modified the trial court's order. The Court of Appeals wrote:

> We reverse the judgment below and modify the trial court's order to provide that the wife will be entitled to a part of the husband's Navy pension according to the following formula:

$$\frac{1}{2} \; X \; \frac{10}{\text{(number of years in the Navy at retirement)}} \; X \; \text{(retirement pay)}$$

*Fry*, 2001 WL 1543478, at *2. The Court of Appeals then remanded the case to the trial court and issued a mandate directing the trial court to enter an order in accordance with its opinion. *Id.* at *3.

In accordance with the mandate, the trial court entered an Agreed Order to Amend Final Decree of Divorce in March 2003 incorporating the formula cited above. The trial court wrote that the Final Decree of Divorce stands in full force and effect except that paragraph 9 is amended as follows:

9. It is further ORDERED, ADJUDGED, AND DECREED that Wife is awarded a portion of Mr. Fry's pension through the U.S. Navy. The portion that Wife is to receive shall be calculated using the following formula:

$$\frac{1}{2} \quad X \quad \frac{10}{\text{(number of years in the Navy at retirement)}} \quad X \quad \text{(retirement pay)}$$

In April 2012 Wife filed a Rule 60 Motion for Relief from Orders in which she explained that even with the change the trial court made to the Final Decree of Divorce in 2003, she is still unable to receive payments directly from the DFAS for her share of Husband's disposable military retired pay. Wife explained in her motion that the modified language of the Final Decree of Divorce does not comply with the requirements for approval by the DFAS under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. §1408, *et seq*.

According to Wife, both the numerator and denominator of the fraction used in the formula to determine the Wife's portion of Husband's retirement payments must be expressed in months rather than years. Wife contends that the Department of Defense Financial Management Regulations require the award to be written as follows:

> The Wife is awarded a percentage of the Husband's disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is ____ (months of marriage during the Husband's credible military service), divided by the member's total number of months of credible military service.

Wife further explained that a revised order should state that the award is expressed as a percentage of Husband's disposable retired pay, including a proportionate share of Husband's cost of living adjustments.

The trial court denied Wife's Rule 60 motion, writing:

> [T]his Court finds that this Court is unable to grant the Petitioner the relief requested. This Court finds that it does not have the authority to modify the Order as issued in the Court of Appeals Opinion but this Court hopes that the Court of Appeals will grant the Petitioner the requested relief.

Wife appeals, arguing the trial court erred in denying her Rule 60 motion. She contends the prior ruling by the Court of Appeals as adopted in the Amended Final Decree of Divorce was erroneous because it did not comply with federal law and was rejected by the DFAS. Wife argues the Amended Final Decree of Divorce should be modified to enable her to receive the portion of Husband's military retirement pay she was awarded in the Final Decree of Divorce. We agree.

Rule 60.02 provides in pertinent part that

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under Rule 60.02(5) is appropriate in cases of "overwhelming importance or in cases involving extraordinary circumstances, or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *see, e.g., Brown v. Consolidation Coal Co.*, 518 S.W.2d 234, 237-38 (Tenn. 1974) (Rule 60.02(5) relief granted because initial award was based on incorrect legal construction of law); *DeLong v. Vanderbilt University*, 186 S.W.3d at 512-13 (court granted Rule 60.02(5) motion to prevent unwarranted hardship on deserving party); *Kirk v. St. Michael Motor Express, Inc.*, 2008 WL 4072053, at *8-9 (Tenn. Sept. 2, 2008) (relief under Rule 60.02(5) is appropriate to remedy injustice caused by trial court's application of incorrect legal standard).

> Tenn. R. Civ. P. 60.02 provides an exceptional remedy that enables parties to obtain relief from a final judgment. *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003). The rule strikes a balance between the competing principles of finality and justice, *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001), and provides "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). The burden of proof is on the party seeking Tenn. R. Civ. P. 60.02 relief. The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy. *Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001).

*DeLong*, 186 S.W.3d at 511.

The parties to this case agreed when they were divorced in 2000 that as part of the division of marital assets Wife would receive one-half of the military retirement pay that Husband earned while they were married. *See Cohen v. Cohen*, 937 S.W.2d 823, 828 (Tenn. 1996) (portion of retirement benefits that accrues during marriage constitutes marital property subject to division). Wife has attempted to collect her portion of Husband's retirement pay but has not been successful because the forms she has submitted to the DFAS have not used the specific language required to be used in decrees submitted to the DFAS as set forth in the regulations promulgated in accordance with the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. §§ 1408 *et seq*.

Husband does not deny that Wife is entitled to receive the retirement funds she is seeking. He argues instead that the trial court was bound by the law of the case and did not have the authority to grant Wife the relief she requested. We disagree. The "law of the case" refers to a legal doctrine whereby issues that have already been decided in a prior appeal cannot be reconsidered. *State v. Jefferson*, 31 S.W.3d 558, 561 (Tenn. 2000). This doctrine does not impose a limitation on the power of a court, but it is a discretionary rule of judicial practice based on the common sense recognition that issues that have been litigated once should not be revisited. *Id.*

Wife is not attempting to relitigate anything in this case or get anything more than she is entitled to receive. She is merely trying to obtain the retirement money she was awarded when the parties were divorced. The law of this case is that Wife is entitled to the portion of Husband's military retirement pay she was awarded when the parties were divorced. The doctrine does not limit the words a court can use to effectuate that result. This case involves extraordinary circumstances, and we find Wife is entitled to the relief she seeks pursuant to Rule 60.02(5).

We review the trial court's ruling on Wife's Rule 60 motion for an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Rogers v. Estate of Russell*, 50 S.W.3d 441, 444 (Tenn. Ct. App. 2001). It is clear from the trial court's ruling that it wanted to grant Wife the relief she sought but that it felt bound by the terms of this Court's mandate, which directed the court to use particular language.

We hereby reverse the trial court's judgment denying Wife's motion for relief and remand the case to the trial court for entry of a decree awarding Wife one-half of the military retirement pay that Husband earned during the parties' marriage. The language of the decree shall comply with the requirements of the Uniformed Services Former Spouses' Protection Act. If Wife is unable to obtain her portion of Husband's retirement payments directly from the military, Husband shall be ordered to send Wife a check for her portion of his retirement benefits each month, which he shall issue within ten days of the date when he receives his

portion of the benefits.

With respect to the retirement payments Husband has already received thus far, Wife is entitled to her share of those payments. The trial court shall calculate the amount to which Wife is entitled and shall issue a judgment for Wife in that amount.

Costs of this appeal shall be assessed against the appellee, Michael Daniel Fry, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE