**Margaret D. THOMPSON,**
**Plaintiff–Appellant,**

**v.**

**FIREMEN'S FUND INSURANCE CO.,**
**Defendant–Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 22, 1990.

Norbert J. Slovis, Janet L. Mayfield, Knoxville, for plaintiff-appellant.

Kenneth D. Higgins, Athens, for defendant-appellee.

DAUGHTREY, Justice.

In this workers' compensation action, we are asked to determine whether a 1982 judgment entered on the basis of an agreed order can be re-opened and modified seven years later, in order to permit additional recovery for medical expenses and impairment arising after the original action was settled.

The current activity in this case was initiated by means of a "petition to rehear," in

which the plaintiff, Margaret D. Thompson, recounted the facts surrounding her 1979 work-related injury and alleged that the order entered in 1982 was "insufficient as a matter of law." The alleged insufficiency, she claimed, stemmed from the fact that as part of the 1982 settlement, she "never appeared before the Judge to testify under oath regarding the terms of the purported settlement order, nor was [she] examined by the Court to determine if the proposed settlement was in her best interest as required by law." As a basis to support her insistence that such a procedure is a prerequisite to the entry of a valid settlement agreement, the plaintiff relied solely on this court's decision in *Garrett v. Corry Foam Products, Inc.*, 596 S.W.2d 808 (Tenn.1980).

The chancellor entered an order "overruling and disallowing" the petition to rehear. We conclude that dismissal was proper, both because the petition failed to state a claim upon which relief can be granted and because the matter was not timely filed.

### I. *The Statutory Basis for Relief*

Even at first blush, the opinion in *Garrett* would appear to bear only dubious relation to the case at hand. There, a workers' compensation action had been "dismissed with prejudice" prior to a determination on the merits. The question before the court was whether a "dismissal with prejudice" constituted a *retraxit*, which would bar a subsequent action, or merely a *non prosequitur* or nonsuit, which would not act as a bar. The *Garrett* court held that "[t]he rule of *retraxit* does not prevail in Tennessee" and thus could not be used to raise a valid defense of *res judicata*. *Id.* at 810. The court ordered a remand for trial on the merits of Garrett's second action. *Id.* at 811.

In passing, the court gave two "additional reason(s)" why the original order of dismissal did not constitute a bar. One of them is pertinent here:

... [B]ecause this is a proceeding for benefits under the workmen's compensation laws, the order of dismissal "with prejudice" relied upon by the defendant

to make out the defense of res judicata is insufficient for that purpose for the additional reason that it does not comply with TCA § 50–1006, which requires that in order for a settlement of an employee's rights under the workmen's compensation laws to be effective it must first be reduced to writing and approved by the trial judge only if "such settlement is found by the court to be for the best interest of the employee." The instant order contains no such finding and for this reason, too, is invalid as a judgment on the merits of the plaintiff's rights under the Workmen's Compensation Act.

The statute to which the *Garrett* court referred, now codified as TCA § 50–6–206, was in effect at the time of the 1982 settlement in this case. At the beginning of that provision, the following language appears:

The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court of the county where the claim for compensation is entitled to be made. It shall be the duty of the judge ... to whom any proposed settlement shall be presented for approval ..., to examine the same to determine whether the employee is receiving, substantially, the benefits provided by the Workers' Compensation Law. To this end he *may* call and examine witnesses. (Emphasis added.)

The language of this provision clearly reflects its purpose: to require judicial approval of settlements reached out-of-court, presumably including those in which no formal complaint has ever been filed. Certain employee protection measures are featured, including a requirement that the agreement be in writing and that it comport substantially with the statutory benefit scheme. The statute also empowers (but does not require) the judge reviewing the settlement to "call and examine witnesses" in order to assure adequacy of the

settlement in the worker's favor. Finally, this portion of the statute provides

> ... that if it shall appear that any settlement approved by the court does not secure to the employee in a substantial manner the benefits of the Workers' Compensation Law, the same may, in the discretion of the trial judge, be set aside at any time within thirty (30) days after the receipt of such papers by the division of workers' compensation, upon the application of the employee or the superintendent of the division of workers' compensation, of the department of labor in his behalf, whether court has adjourned in the meantime or not....

TCA § 50–6–206.

At the end of this somewhat lengthy section, following provisions not pertinent here, TCA § 50–6–206 closes with this additional language:

> Notwithstanding any other provision of this section, whenever there is a dispute between the parties as to whether or not a claim is compensable or the amount of compensation due, the parties may settle such matter without regard to whether the employee is receiving substantially the benefits provided by the Workers' Compensation Law[,] provided such settlement is approved by a court having jurisdiction of workers' compensation cases and provided further such settlement is found by the court to be for the best interest of the employee.

We read this final provision to apply to workers' compensation claims filed in court which are settled on some basis other than recovery substantially commensurate with the statutory benefits available under the workers' compensation act. An obvious example would be an agreed order of dismissal such as that initially entered in *Garrett.* Under the alternate basis for relief in *Garrett,* the trial court would have to make a finding that dismissal of the claim was in the employee's best interest. In addition, in order to comply with the statute, that

finding would also have to be explicit, that is, contained within the court's written order.

■ The settlement in this case differs significantly from the one in *Garrett,* because the Thompson settlement was based on an award of medical expenses ostensibly commensurate with the provisions of the compensation statute. Certainly, there was no repudiation of the settlement by the plaintiff or by the Department of Labor within 30 days after it was approved by the court. Likewise, there is no claim in the plaintiff's 1989 "petition to rehear" that the settlement was not substantially commensurate with benefits provided by statute. Furthermore, in an affidavit attached to her petition, the plaintiff nowhere alleges that the original award failed to secure for her "substantially the benefits provided by the Workers' Compensation Law." TCA § 50–6–206. Instead, she claims that she has incurred $3,000 in post-surgical medical expenses that have not been paid under the 1982 agreement, and in addition that she should be compensated for five percent permanent disability to the body as a whole, as the result of a related medical condition arising after the 1982 judgment.[1]

The original agreement in this case was "reduced to writing," as the statute requires, and was clearly "approved by the judge," also as required by statute. Given the terms of the settlement, there is no reason to conclude that judicial approval was not based on a determination that the settlement provided the plaintiff with "substantially the benefits [to which she was entitled under] the Workers' Compensation Law." TCA § 50–6–206. Nor was it challenged as deficient within the 30–day period prescribed by statute. We thus decline to follow the language in *Garrett* and to hold, as the plaintiff would have us hold, that the 1982 agreement is invalid because it does not contain an explicit provision to the effect that the settlement is "for the

---

1. No recovery for disability was included in the 1982 order, apparently because no permanent disability was foreseen. The current claim is based on a neurologist's prediction that "in the future she may begin to have a flair up in the pain under certain circumstances, such as major exertion, or perhaps minor injury." Speculating, the physician concluded that "a reasonable figure would be to give her a 5% permanent partial disability."

best interest of the employee." Such a finding is not required under § 50–6–206 unless, under the terms of the proposed settlement, the employee is not "receiving substantially the benefits provided by the Workers' Compensation Law."

Finally, we note that neither the statute nor the language of *Garrett* requires the personal appearance of the employee at a hearing under TCA § 50–6–206, although the better practice would clearly include personal examination by the trial judge. The record in this case does not show conclusively whether or not the plaintiff appeared before the trial judge in 1982, although she now claims that she did not make such an appearance.

## II. *Timeliness of Request*

As noted above, the plaintiff did not move to set aside the settlement as inadequate within the 30–day period set out in the statute. Moreover, we have now held that she is ineligible to seek invalidation of the agreement under *Garrett v. Corry Foam Products, Inc., supra.* Hence, Rule 60.02 of the Tennessee Rules of Civil Procedure presents the only other possible ground on which the plaintiff could base her current action.

Her claim is not predicated on any of the specific grounds listed in 60.02: mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation or other conduct of an adverse party. Such claims must be brought within one year after entry of an order. Tenn.R.Civ.P. 60.02. Her claim, therefore, can only be reviewed under the catch-all provision in Rule 60.02(5), which permits a claim for "any other reason justifying relief from the operation of the judgment." To afford relief, however, such an action must be filed within a "reasonable time" after entry of that judgment. *Id.*

In a split decision in *Wooley v. Gould, Inc.,* 654 S.W.2d 669, 672 (Tenn.1983), we held that "[i]t is a question of fact, and not one of law, as to whether a movant under T.R.C.P. 60.02 has acted within a reasonable time." The claim in *Wooley* was based on fraud and thus fell within the one-year limitation. The court noted that a request to reopen based on fraud, even though filed within one year, might still be untimely "if the trial court finds, as a matter of fact, that the movant has not acted reasonably and that he could have fairly and reasonably been expected to file the motion much more promptly." *Id.* at 670. Indeed, after reviewing the affidavits and depositions in the record, the *Wooley* majority held that the employee's motion was untimely because of unnecessary delay in filing.[2]

The record in this case likewise presents an example of unnecessary delay. As noted above, the judgment was entered in 1982. The plaintiff's affidavit fails to state when she incurred the additional expenses which she claims in this case, but the neurologist's statement, affixed as an exhibit to the affidavit, is dated May 31, 1985. That date is more than four years prior to the filing of the "petition to rehear." No reason is given for the three-year delay between the entry of judgment and the neurologist's determination of permanent partial disability. More significantly, none is given for the four-year delay *after* that determination.

Rule 60.02 acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules. Rule 60.02 does not, however, permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest. The delay in this case was clearly unreasonable under Rule 60.02.

We therefore conclude that the chancellor's order of dismissal was correct, both

2. The majority in *Wooley* purportedly reviewed all the reported decisions in Workers' Compensation cases raising the question of timeliness under Rule 60.02 and concluded that none of them involved a period as long as the one-year delay in *Wooley. Wooley v. Gould, Inc., supra,* 654 S.W.2d at 672. However, our research has turned up at least one worker's compensation case involving a delay of more than one year between the filing of judgment and request to reopen. *See Brown v. Consolidation Coal Co.,* 518 S.W.2d 234 (Tenn.1974) (judgment reopened after 14 months to allow correction of mistake under Rule 60.02(5)).

because the plaintiff has failed to state a claim upon which relief can be granted and also because her request to reopen the 1982 order, labelled a "petition to rehear," was untimely. The judgment below is affirmed, and costs are taxed to the plaintiff.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concurring.