# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 4, 2014 Session

## KENNETH JAMES WORGAN v. JEANNIE ANTOINETTE WORGAN

**Appeal from the Chancery Court for Jefferson County**
**No. 11-3-053     Telford E. Forgety, Jr., Chancellor**

**No. E2013-01756-COA-R3-CV-FILED-APRIL 30, 2014**

In this post-divorce case, Jeannie Antoinette[1] Worgan ("wife") filed a Tenn. R. Civ. P. 60.02 motion to alter or amend the final judgment, which had been entered over eleven months earlier. The final judgment had incorporated the parties' marital dissolution agreement ("MDA"). Wife's Rule 60.02 motion alleges that the MDA "failed to mention the division of the former husband's pension" and that "[t]his oversight certainly must have resulted from a mistake, inadvertence, or excusable neglect." The trial court denied the motion, finding that wife was aware of the pension of Kenneth James Worgan ("husband") when she signed the MDA and that she had ample time and opportunity to review the MDA before signing it. We agree with the trial court's ruling that wife has presented no ground for Rule 60.02 relief. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

P. Richard Talley, Dandridge, Tennessee, for the appellant, Jeannie Antoinette Worgan.

G. Kenneth Gilleland, Seymour, Tennessee, for the appellee, Kenneth James Worgan.

---

[1]In the complaint and husband's other filings, wife's middle name is spelled "Antionette." In most of wife's filings and the trial court's final judgment, it is spelled "Antoinette." In this opinion we will use the common spelling "Antoinette."

# OPINION

## I.

The parties were divorced by judgment entered June 29, 2011. The parties' MDA provides, in pertinent part, as follows:

> [T]he parties *intend by their approval hereof to resolve all issues relating to the division of marital property*, marital liabilities as well as determine all claims either party may have for alimony, support or maintenance.
>
> \*     \*     \*
>
> **Full and Final Settlement**: *Both parties hereto, exclusive of the terms and provisions of this agreement, each waive all right, title, and interest in and to the property and estate of the other by way of expectancy or reversion or otherwise, except as to obligations imposed by this instrument or by the Court's decree, this agreement being intended as full, final, and complete settlement of the parties' marital and all other rights.*
>
> \*     \*     \*
>
> Husband and Wife expressly certify and acknowledge they have entered this Agreement upon mature consideration, *that they have each fully disclosed all of their assets*, and that all of said assets have been distributed herein. Consent to the execution of this Agreement has not been obtained by duress, fraud, and/or undue influence by any person, but the parties acknowledge and represent that they have voluntarily, knowingly and willingly entered into this Agreement.
>
> \*     \*     \*
>
> [The] Parties expressly acknowledge that the distribution of assets and debts set out hereinabove is equitably distributed by the terms of this Agreement.
>
> \*     \*     \*

The Wife also states under oath that she has not been advised in any way of her rights herein and knows she has an absolute right to have an attorney represent her in regards to the parties['] divorce and says by signing this Agreement that she has either obtained independent legal advice or is knowingly waiving her right to such advice.

(Emphasis added; bold print in original.) The trial court's final judgment states that "the Marital Dissolution Agreement entered into by and between the parties hereto is fair and equitable in all its terms and, accordingly, the same is adopted by reference and incorporated herein."

On June 12, 2012, wife filed her Rule 60.02 motion to alter or amend, alleging that

[t]he Mar[ital] Dissolution Agreement failed to mention the division of the former husband's pension of approximately eighteen (18) years at Brunswick. Pursuant to T.C.A. § 36-4-121(b)(1)(B), those pension benefits are marital property. This oversight certainly must have resulted from a mistake, inadvertence, or excusable neglect.

After a hearing, the trial court denied wife's motion. The court's order states that "the parties . . . stipulate that this Order constitutes the record in this cause for purposes of appeal." There is no transcript of the hearing. Neither party filed a statement of the evidence pursuant

to Tenn. R. App. P. 24.[2] Because the order contains all the facts before us on this appeal, we hereby quote it in its entirety:

> The Wife testified that she was aware of the Brunswick pension but believed it would be divided later. The Wife was not employed. Wife did pick up a copy of the [MDA] and reviewed it and told the record attorney that she was taking it to her attorney. The Husband testified that the pension wasn't mentioned in the [MDA] because there would not have been an agreement if the wife sought to divide his pension. The Husband received the marital home and is paying for it which was 15 months behind ($17,000.00), plus paid off wife's car ($2,500.00) and other debts ($3,500.00). The pension was worth One Hundred Fifty Five Thousand Dollars ($155,000.00).
>
> The Court announced its findings of fact and conclusion of law and said:
>
> There was no mutual mistake, only a unilateral mistake on the part of the Wife. The Court further held paragraph eight of the

---

[2]After the trial court's order presently before us was entered, wife filed a document captioned "Statement of Issues . . . pursuant to Rule 24, Tenn. R. App. P." Rule 24(c) at that time provided, in pertinent part, as follows:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal.

Wife's "statement of issues" contains several assertions of fact regarding the parties' testimony at the hearing. It is not clear whether wife intended her "statement of issues" to be a statement of the evidence under Rule 24. In any event, the content of the "statement of issues" is duplicative of the trial court's order and contains no additional facts beyond those found in that order. It is therefore clear that every "fact" regarding the evidence presented at the hearing that wife wants to present on appeal is before us by way of the court's order.

[MDA] constituted a final settlement of all assets barring the Wife from seeking a portion of the Brunswick pension. The Court ruled paragraph thirteen further limited the wife's claim to the Brunswick pension in that both parties voluntarily entered into the agreement after due consideration.

Wife timely filed a notice of appeal.

## II.

The issue presented, as stated by wife in her brief, is as follows:

> Whether the trial court abused its discretion when it denied [wife's] motion to alter or amend the judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

## III.

The governing rule in this case, Tenn. R. Civ. P. 60.02, provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.

Wife's motion asserts that the failure of the MDA to mention husband's pension "resulted from a mistake, inadvertence, or excusable neglect." Wife has presented no allegation or fact that would support an argument for the application of subsections (2) through (5) of Rule 60.02. The question, therefore, is whether wife demonstrated "mistake, inadvertence, surprise, or excusable neglect" under Tenn. R. Civ. P. 60.02(1).

In two recent opinions, the Supreme Court discussed the standards applicable to a Rule 60.02 motion challenging a trial court's final judgment. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010) and *Furlough v. Spherion Atlantic Workforce, LLC*, 397 S.W.3d 114 (Tenn. 2013). In *Henderson*, the Court reiterated the appropriate standard of review, stating as follows:

> Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App.1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn.2010).
>
> A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case "on a clearly erroneous assessment of the evidence." *Id.* The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

318 S.W.3d at 335. In ***Furlough***, the High Court provided the following further guidance:

> [W]e have characterized relief under Rule 60.02 as an "exceptional remedy," ***Nails v. Aetna Ins. Co.***, 834 S.W.2d 289, 294 (Tenn. 1992), "designed to strike a proper balance between the competing principles of finality and justice," ***Jerkins v. McKinney***, 533 S.W.2d 275, 280 (Tenn. 1976). Rule 60.02 provides an "escape valve," ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990), that "should not be easily opened." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). We have reversed relief granted under Rule 60.02 where the judgment was "not oppressive or onerous." ***Killion v. Tenn. Dep't of Human Servs.***, 845 S.W.2d 212, 214 (Tenn. 1992). "[R]elief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome." ***Henderson***, 318 S.W.3d at 336.
>
> A party seeking relief under Rule 60.02 must substantiate the request with clear and convincing evidence. ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." ***Hodges v. S.C. Toof & Co.***, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.' " ***Goff v. Elmo Greer & Sons Constr. Co.***, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting ***Teter v. Republic Parking Sys., Inc.***, 181 S.W.3d 330, 341 (Tenn. 2005)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." ***Johnson v. Johnson***, 37 S.W.3d 892, 895 n. 2 (Tenn. 2001).
>
> All motions for relief based on Rule 60.02 "shall be made within a reasonable time." Tenn. R. Civ. P. 60.02. Motions based on Rule 60.02(1) or (2) shall be made "not more than one year after the judgment, order or proceeding was entered or taken." Tenn. R. Civ. P. 60.02. In other words, "[o]ne year is the 'outer limit

on the time allowed for filing the motion' under 60.02(1) or 60.02(2)." ***Rogers v. Estate of Russell***, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001) (quoting ***Ellison v. Alley***, 902 S.W.2d 415, 417 (Tenn. Ct. App. 1995)). Rule 60.02 does not "permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest." ***Thompson***, 798 S.W.2d at 238.

397 S.W.3d at 127-28 (brackets in original). We examine the evidence in the record on appeal, being the few findings of fact contained in the trial court's order, in order to determine if wife has established grounds for Rule 60.02 relief by clear and convincing evidence under the above standards. We hold that the trial court did not abuse its discretion in denying wife's request for Rule 60.02 relief from the final judgment.

The trial court found that wife had ample time to review the MDA before she signed it; that she did in fact review it; and that she told husband's attorney that she was going to take it to her attorney to review. Wife does not dispute these findings. It is obvious that husband did not hide the existence of his pension, because wife testified that she was aware of it but mistakenly thought it would be divided later. A cursory reading of the MDA, however, should have put wife on notice that this document is designed to finally and forever conclude the parties' rights growing out of their marriage. We have observed that "[a] property settlement or marital dissolution agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings." ***Pylant v. Spivey***, 174 S.W.3d 143, 151 (Tenn. Ct. App. 2003). An MDA "is to be looked upon and enforced as an agreement, and is to be construed as other contracts as respects its interpretation, its meaning and effect." ***Gray v. Estate of Gray***, 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998). Moreover, generally speaking, "the parties are not entitled to a marital dissolution agreement that is different from the one they negotiated." ***Long v. McAllister-Long***, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2004). There is no indication in the record that wife was deceived or misled in any way before she signed the MDA. Wife has not established any ground for reopening the final divorce judgment under Rule 60.02.

IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Jeannie Antoinette Worgan. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE