IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 11, 2018 Session

## BETTY JO GOODMAN v. NATIONSTAR MORTGAGE, LLC, ET AL.

**Appeal from the Chancery Court for Maury County**
**No. 13-612      Robert L. Jones, Judge**

_____

#### No. M2017-01407-COA-R3-CV

_____

A borrower filed a pro se petition against a mortgage company and law firm seeking to enjoin a foreclosure sale. The trial court issued the injunction but, upon motion of the mortgage company and law firm, set aside the order granting injunctive relief after finding the order void. The trial court also found that the borrower's petition failed to state a claim and dismissed the action. We vacate in part and affirm in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part and Affirmed in Part**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

Betty Jo Goodman, Columbia, Tennessee, pro se.

Lauren Paxton Roberts and Jean Anne Tipps, Nashville, Tennessee, for the appellee, Nationstar Mortgage, LLC.

#### OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2007, Betty Jo Goodman obtained a loan from Taylor, Bean & Whitaker Mortgage Corp. in the amount of $73,600. She secured the loan by executing a deed of trust in favor of Statewide Title & Escrow of Tennessee, LLC, as trustee for real property located at 113 Beech Street, Columbia, Tennessee ("the property"). After Ms. Goodman ceased making payments on the loan in June 2010, foreclosure sales were scheduled in 2010 and 2011 but were never completed. Thereafter, she filed two petitions for Chapter 13 bankruptcy: one on April 20, 2012 and one on March 13, 2013.

The bankruptcy court dismissed both petitions because Ms. Goodman failed "to appear in the prosecution of the case."

In 2013, Nationstar Mortgage, LLC, ("Nationstar") was the holder of indebtedness on the property. Nationstar appointed Shapiro & Kirsch, LLP ("Shapiro") as successor trustee under the deed of trust and scheduled a foreclosure sale for November 7, 2013. To stop the scheduled foreclosure, Ms. Goodman filed an emergency petition for a restraining order and supporting memorandum in the chancery court for Maury County on November 7, 2013, seeking to enjoin the foreclosure. Her petition alleged, in pertinent part, as follows:

> 4. Petitioner will suffer imminent and irreparable injury if Respondent(s) are not enjoined from foreclosing on the property owned by Petitioner[]. Ten[n]. R. Civ. P. 65.03.
>
> 5. There is no adequate remedy at law because once the foreclosure sale has taken place, Petitioner[] will suffer the complete loss of the property as Respondent(s) will sell the property to a third party who will have a right to possession without regard to the claims Petitioner has against Respondent(s).
>
> 6. There is a substantial likelihood that Petitioner will prevail on the merits.
>
> 7. Petitioner will be able to show that:
>
> 8. The threatened harm to Petitioner[] outweigh[s] the harm that an emergency temporary restraining order would inflict on Respondent(s).
>
> 9. Petitioner[] will suffer loss of the use of said property and will lose opportunity to maintain same and Respondent(s) will suffer loss by having to maintain an empty property that cannot be insured.
>
> 10. Issuance of an emergency temporary restraining order would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess.
>
> 11. Adding more will simply increase the burden on the local [sic] as it will create opportunity for vandalism and further other criminal activity.
>
> 12. The court should enter this emergency temporary restraining order without notice to Respondent(s) because Petitioner[] will suffer immediate

and irreparable injury, loss, or damage if the order is not granted before Respondent(s) can be heard as **Respondent(s)['] sale of the property is scheduled for November 7, 2013.**

13. If said sale is allowed to take place, Petitioner[] will be irreparably harmed.

In her supporting memorandum, Ms. Goodman claimed that Nationstar and Shapiro lacked standing to foreclose on the property and that Shapiro violated the terms of the deed of trust, forged or falsified documents by "robo-signing," and failed to comply with advertisement and notice provisions in the deed of trust.

On December 11, 2013, Ms. Goodman filed a separate lawsuit against Nationstar and Shapiro in the federal district court for the middle district of Tennessee alleging invasion of privacy, potential identity theft, negligent hiring and supervision, and violation of the Fair Debt Collection Practices Act ("FDCPA"). The case filed in district court involved the same loan and deed of trust. As a result, the chancery court issued a temporary restraining order ("TRO") that same day, prohibiting Nationstar and Shapiro from "conducting a foreclosure sale until such time that the United States District Court for the Middle District of Tennessee, Case no. _____ has been resolved."

The chancery court held a hearing on the injunction on December 20, 2013. Following the hearing, the court entered a one-page, handwritten order submitted by Ms. Goodman that stated, in pertinent part: "After hearing the cause by Petitioner and a no[] show by [Nationstar and Shapiro], this Honorable Court hereby GRANTS Petitioner['s] request for a permanent injunction." As stated in the order, Nationstar did not appear at the hearing. Two months later, on February 25, 2014, Philip P. Welty filed a notice of appearance in the chancery court on behalf of Nationstar.

### First District Court Case

Nationstar and Shapiro filed a motion to dismiss on February 17, 2014, arguing that the complaint should be dismissed due to its failure to comply with Rule 11(a) of the Federal Rules of Civil Procedure[1] because Ms. Goodman's son signed the complaint on her behalf. Nationstar and Shapiro further argued that the complaint should be dismissed for failure to state a claim. Thereafter, Ms. Goodman filed an amended complaint with a corrected signature. On April 9, 2014, the magistrate judge submitted a report and recommendation providing that, due to insufficiencies in the claims alleged and facts pled, the complaint should be dismissed. Ms. Goodman failed to respond to the report

---

[1] Federal Rule of Civil Procedure 11(a) states, in part, that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or by a party personally if the party is unrepresented.*" (Emphasis added).

and recommendation despite being granted an extension of time to respond. In an order entered on May 29, 2014, the district court adopted the report and recommendation and dismissed the complaint for failure to state a claim.

Ms. Goodman filed objections to the magistrate judge's report and recommendation on June 9 and June 11, 2014. The district court, in an order entered on June 17, 2014, overruled Ms. Goodman's objections and accepted the magistrate judge's report and recommendation to dismiss the complaint for failure to state a claim. The court noted that any appeal of the matter "would not be in good faith." Ms. Goodman followed the district court's advice and did not appeal the final order. Instead, she filed a second complaint against Nationstar and Shapiro in the district court on October 30, 2014, alleging the same claims under the FDCPA that the district court previously dismissed.

## Second District Court Case

On December 23, 2014, Nationstar and Shapiro filed a motion to dismiss Ms. Goodman's second complaint based on res judicata and claims preclusion as well as failure to state a claim. The magistrate judge addressed the motion in a report and recommendation filed on January 23, 2015, finding that the case was "clearly barred by res judicata." The magistrate judge further found that, when considered in conjunction with Ms. Goodman's Chapter 13 bankruptcy petitions, which were dismissed for failure to prosecute, Ms. Goodman's new complaint raised the possibility that she was acting in bad faith. Thus, the magistrate judge warned Ms. Goodman that she was "perilously close to incurring sanctions."

Before the district court could adopt the magistrate judge's report and recommendation, Ms. Goodman filed a notice of voluntary dismissal without prejudice. The district court granted the voluntary dismissal without prejudice but noted the magistrate judge's warning.

## Back in Chancery Court

On November 20, 2014, in light of the district court's dismissal of Ms. Goodman's first case, Nationstar and Shapiro filed in the chancery court a motion to dissolve the TRO and permanent injunction and a motion to dismiss with a supporting memorandum. Nationstar and Shapiro argued that the injunction should be dissolved because its purpose was to prevent foreclosure until the first district court case was resolved, which resolution occurred when the district court dismissed the case for failure to state a claim. They further argued that the action should be dismissed because Ms. Goodman failed to state a claim upon which relief could be granted.

Ms. Goodman filed a response to the motions to dissolve and dismiss, arguing that they should be denied because Nationstar and Shapiro failed to appeal the December 20, 2013 order within thirty days of its entry. Thus, Ms. Goodman argued, the order served as a final judgment permanently prohibiting Nationstar and Shapiro from conducting a foreclosure sale. Acting "out of an abundance of caution," Nationstar and Shapiro responded by filing a motion to set aside the December 20, 2013 order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, alleging that the order was void because Nationstar "did not have proper or timely notice of the hearing." Specifically, Nationstar asserted that it was served through the Tennessee Secretary of State by mail rather than through its Tennessee registered agent or by direct service to an officer or managing agent as required by Rule 4.04(4) of the Tennessee Rules of Civil Procedure.[2] Nationstar did not receive the summons and petition until December 23, 2013—three days after the hearing.

After reviewing the motions filed by Nationstar and Shapiro, the response and other pleadings filed by Ms. Goodman, and the entire record of the case, the chancery court entered an order granting the Rule 60.02 motion and the motion to dismiss for failure to state a claim. In its order, the court noted the lack of allegations necessary to support an injunction, stating as follows:

> A close reading of the Petition and Memorandum in Support reveals that they are devoid of any facts which could support a claim by Petitioner[]. Both the Petition and Memorandum in Support contain merely an attempted recitation of the elements required for an injunction, with no facts offered to support Petitioner['s] conclusory allegations. Petitioner['s] filings are insufficient to support any continued injunction in this case.

Incident to its dismissal of Ms. Goodman's claims, the chancery court dissolved the injunction prohibiting foreclosure.

Ms. Goodman appeals the chancery court's judgment.

---

[2] Rule 4.04(4) of the Tennessee Rules of Civil Procedure provides that service "shall be made" as follows:

> Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

## II. STANDARD OF REVIEW

Two different motions are at issue in this case: Nationstar's[3] motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) and its motion to set aside the December 20, 2013 order pursuant to Tennessee Rule of Civil Procedure 60.02(3). Because a trial court's determinations regarding whether a complaint should be dismissed for failure to state a claim and whether a judgment should be set aside as invalid both present questions of law, our review is de novo, according the trial court's decisions no presumption of correctness. *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015); *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

Rule 12.02(6) provides relief to a defendant when a complaint fails to state a claim upon which relief can be granted. *Webb*, 346 S.W.3d at 425-26. Motions filed pursuant to Rule 12.02(6) challenge "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id.* at 426. A court resolves a Rule 12.02(6) motion to dismiss "by an examination of the pleadings alone." *Id.* A defendant filing a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). When determining whether a complaint should be dismissed for failure to state a claim, the court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)). The court should grant a motion to dismiss if it appears that the plaintiff cannot prove any set of facts in support of the claim entitling him or her to relief. *Webb*, 346 S.W.3d at 426.

Relief under Rule 60.02 is an exceptional remedy that allows a court "'to alleviate the effect of an oppressive or onerous final judgment.'" *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005) (quoting *Killion v. Dep't of Human Servs.*, 845 S.W.2d 212, 213 (Tenn. 1992)). Rule 60.02 does not provide relief to a party "'merely dissatisfied with a particular outcome'" or whose circumstances change after a judgment is entered. *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127-28 (Tenn. 2013) (quoting *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010)); *see also Hussey v. Woods*, 538 S.W.3d 476, 482 (Tenn. 2017). Instead, Rule 60.02 provides relief in limited circumstances where a case "meet[s] one or more of the criteria stated" in the rule. *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). Our Supreme Court has described Rule 60.02 as "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). Because

---

[3] Shapiro is not a party on appeal. We, therefore, now refer only to Nationstar.

finality is important, "the 'escape valve' should not be easily opened." *Toney*, 810 S.W.2d at 146.

The party seeking relief under Rule 60.02 must prove by clear and convincing evidence that he or she is entitled to relief. *Furlough*, 397 S.W.3d at 128. Evidence is clear and convincing if it leaves "'no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Id.* (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992)).

## III. ANALYSIS

### A. December 20, 2013 Order

Ms. Goodman argues that the chancery court erred in setting aside the December 20, 2013 order and dismissing the matter for failure to state a claim. Specifically, she argues that the December 20, 2013 order constituted a final judgment which Nationstar failed to appeal within thirty days of its entry and that, therefore, Nationstar should not have been "allowed back into the case" because its motions were time-barred.

An order operates as a final judgment if it "resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). In determining whether the December 20, 2013 order constituted a final judgment, the chancery court considered the order in conjunction with the earlier order issuing the TRO and found that the December 20, 2013 order was interlocutory rather than final.

The TRO states that Nationstar and Shapiro "are restrained . . . from conducting a foreclosure sale until such a time that the United States District court for the Middle District of Tennessee, Case no. _____ has been resolved." The December 20, 2013 order consists of two handwritten paragraphs, stating as follows:

> THIS CAUSE came to be heard on December 20, 2013. After hearing the cause by [Ms. Goodman] and a no[] show by [Nationstar and Shapiro], this Honorable Court hereby GRANTS [Ms. Goodman's] request for a permanent injunction.
>
> It is hereby ORDERED and GRANTED.

It is implicit in the two orders that, as the chancery court found, the injunction was issued to maintain the status quo and stop all foreclosure activity until the federal district court case was resolved. After resolution of the district court case, the chancery court would then consider the matter "in light of the district court ruling." Thus, the December 20,

2013 order did not resolve all of the claims and issues remained for the court to adjudicate.

Additionally, the December 20, 2013 order failed to comply with certain procedural rules. Rule 52.02 of the Tennessee Rules of Civil Procedure provides that, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." With respect to injunctions, Rule 65.04(6) requires a court to "set forth findings of fact and conclusions of law which constitute the grounds of its action" when granting, denying, or modifying a permanent injunction.[4] Here, the December 20, 2013 order did not include any findings of fact or conclusions of law to sustain a judgment granting a permanent injunction.

In light of the foregoing, we conclude that the chancery court did not err in determining that the December 20, 2013 order did not constitute a final judgment.

### B. Rule 60.02 Motion

The chancery court found that Nationstar "was not properly served, did not have proper or timely notice of the hearing, and did not appear at the December 20, 2013, hearing." Therefore, the court determined that the December 20, 2013 order should be set aside as void. A court may relieve a party "from a *final* judgment, order or proceeding" if the judgment is void. TENN. R. CIV. P. 60.02(3) (emphasis added). As discussed above, the December 20, 2013 order did not constitute a final judgment. Thus, relief under Rule 60.02 was not available. We conclude, therefore, that the chancery court erred in granting the Rule 60.02 motion.

### C. Motion to Dismiss

Before evaluating Ms. Goodman's complaint to determine whether she failed to state a claim upon which relief can be granted, we note that she is a pro se litigant. This Court has stated that the following standards should be applied when evaluating the claims of pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.

---

[4] Rule 65.04(6) does not by its own terms apply to permanent injunctions. However, in *Irvin v. Johnson*, No. 01-A-01-9708-CV-00427, 1998 WL 382200, at *5 (Tenn. Ct. App. July 10, 1998), we relied on the rule to vacate a permanent injunction that was granted without findings of fact and conclusions of law.

> Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). Additionally, we allow pro se litigants some latitude in preparing their briefs and endeavor to "give effect to the substance, rather than the form or terminology," of their court filings. *Young*, 130 S.W.3d at 63.

Although we construe the complaint liberally and presume that all factual allegations are true, the complaint must contain at least some facts that give rise to a claim for relief in order to survive a motion to dismiss. *Webb*, 346 S.W.3d at 427. Minute detail is not required, but the complaint must contain sufficient allegations of fact "'from which an inference may fairly be drawn that evidence on these material points will be introduced at trial.'" *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004) (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977)) (emphasis omitted). A court is not required to accept mere legal arguments or legal conclusions as true, even if they are presented as facts. *Webb*, 346 S.W.3d at 427.

In her petition, Ms. Goodman sought to enjoin Nationstar from conducting a foreclosure sale until it was "able to prove standing and/or authorization." Actions seeking to enjoin foreclosure sales in Tennessee are governed by statute. *See Dauenhauer v. Bank of N.Y. Mellon*, No. 3:12-cv-01026, 2013 WL 209250, at *3 (M.D. Tenn. Jan. 16, 2013). Tennessee Code Annotated section 29-23-202 requires a party seeking to enjoin a foreclosure sale to "distinctly state how, when, and to whom the debt or any part of the debt secured aforementioned has been paid, or any circumstances of fraud which vitiate the contract." Thus, only two grounds exist for enjoining a foreclosure sale: "repayment of debt owed, or fraud that would vitiate a mortgage contract." *Dauenhauer*, 2013 WL 209250, at *3. Here, Ms. Goodman's petition failed to "distinctly state" either payment of the debt or fraud vitiating the mortgage contract. As a result, the petition was subject to dismissal for failure to state a claim upon which relief could be granted. We, therefore, affirm the trial court's dismissal of the petition pursuant to Rule 12.02(6).[5]

---

[5] The chancery court did not specifically rely on Tenn. Code Ann. § 29-23-202 in determining that the petition should be dismissed pursuant to Rule 12.02(6). However, we "may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result." *Midwestern Gas Transmission Co. v. Reese*, No. M2005-00805-COA-R3-CV, 2006 WL 468688, at *8 n.20 (Tenn. Ct. App. Feb. 24, 2006).

## IV. Conclusion

We vacate the trial court's decision to set aside the December 20, 2013 order pursuant to Rule 60.02 but affirm the judgment of the trial court in all other respects. This matter is remanded with costs of appeal assessed against the appellant, Betty Jo Goodman, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE