IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 4, 2018 Session

**RELIANT BANK v. KELLY D. BUSH ET AL.**

**Appeal from the Chancery Court for Williamson County**
**No. 41461     Deanna B. Johnson, Chancellor**

————————————————————

**No. M2018-00510-COA-R3-CV**

————————————————————

Following an appeal in which this Court affirmed the judgment of the chancery court, the unsuccessful appellants moved the chancery court for relief from the judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. The chancery court granted the motion by reducing the amount of the original judgment. The matter is now before us again on the grant of Rule 60 relief. Because the Rule 60 motion was untimely, we reverse the grant of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**
**and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Marc T. McNamee and Stephen M. Montgomery, Nashville, Tennessee, for the appellant, Reliant Bank.

Byron V. Bush and Kelly D. Bush, Brentwood, Tennessee, pro se appellees.

**OPINION**

**I.**

**A.**

In the first appeal, we recounted the facts underlying this case and some of the procedural history. *See Commerce Union Bank v. Bush*, 512 S.W.3d 217 (Tenn. Ct. App.), *perm. app. denied*, (Tenn. Nov. 16, 2016). In 2007, Byron V. Bush, D.D.S., and

his wife, Kelly D. Bush, executed a "Multipurpose Note and Security Agreement . . . with Commerce Union Bank . . . d/b/a Reliant Bank ("Reliant"), for the original principal amount of $1,500,000." *Id.* at 222. As additional security, the Bushes also executed a deed of trust for unimproved, commercial real property owned by Dr. Bush. *Id.*

After the Bushes defaulted under the promissory note, Reliant initiated foreclosure proceedings on the commercial property. *Id.* At the foreclose sale, Reliant was the only bidder. *Id.* Reliant credit bid $1,050,000 based on an appraisal of the property. *Id.* The credit bid left the Bushes owing $569,706.65 plus interest and costs of collection. *Id.*

In the Chancery Court of Williamson County, Tennessee, Reliant sued the Bushes for a deficiency judgment. *Id.* In response, the Bushes claimed, among other things, that the property was sold at foreclosure for "an amount materially less" than its fair market value. *Id.*; *see* Tenn. Code Ann. § 35-5-118(c) (2015).

At trial, the parties offered conflicting evidence of the commercial property's value at the time of the foreclosure. Reliant's expert testified that the fair market value of the property was $1,050,000, while the Bushes' expert testified that the fair market value was $1,885,000. *Commerce Union Bank*, 512 S.W.3d at 236. Another witness called by the Bushes testified that both valuations were "credible" but that he favored the appraisal of the Bushes' expert. *Id.*

In its October 2014 order, the chancery court granted Reliant a deficiency judgment in the full amount requested. *Id.* at 223. The court found credible the $1,050,000 valuation given by Reliant's expert. *Id.* at 235-36. The court also concluded that the Bushes had not overcome the statutory presumption that the foreclosure sale price of $1,050,000 was equal to the property's fair market value. *Id.* at 223; *see* Tenn. Code Ann. § 35-5-118(b) ("The creditor shall be entitled to a rebuttable prima facie presumption that the sale price of the property is equal to the fair market value of the property at the time of the sale.").

The Bushes filed separate Rule 59.02 motions to alter or amend, which the court denied. *Commerce Union Bank*, 512 S.W.3d at 223. On January 30, 2015, the court's judgment against the Bushes in the amount of $751,334.32 became final for the purposes of appeal.

In the first appeal, this Court affirmed the chancery court's judgment. Among other things, we determined that "the evidence [did] not preponderate against the trial court's finding that [the] $1,050,000 valuation of the property was credible" or the finding that the Bushes failed to present evidence sufficient to overcome the presumption that the foreclosure sale price equaled the fair market value of the property at the time of the sale. *Id.* at 237, 239. Thus, we held "the foreclosure sale price of $1,050,000 was not 'materially less' than the fair market value." *Id.* at 239.

2

B.

On May 25, 2017, following the remand from this Court, the Bushes filed a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure for relief from the final judgment.[1]  The Bushes asked that the chancery court relieve them of the final judgment and reverse "based on RULE 60.02(1)(2) MISTAKE AND FRAUD."

The chancery court[2] granted relief in part.  Despite concluding that the motion was prohibited under Rule 59.01 because it was based on "identical grounds" as the prior motion to alter or amend and that the motion was untimely under Rule 60.02, the court found "mistakes of law and fact were made relating to the determination of the Property's fair market value."  The court reviewed the evidence of the 2014 trial and found "several significant facts were erroneously omitted from its prior findings."  The court determined that the appraisal of Reliant's expert was "not merely inferior to [the Bushes' expert's] appraisal" but also was "based on questionable data that he fail[ed] to justify and reache[d] a value conclusion without reasoned analysis."  Relying in part on the valuation of the Bushes' expert, the court found the fair market value of the property to be $1,520,000 at the time of the foreclosure sale and that the sale price of $1,050,000 was "materially less" than the fair market value.  So the court reduced the deficiency component of its judgment, the amount of the judgment exclusive of attorney's fee and discretionary costs, from $640,783.41 to $99,736.40.

II.

A.

Reliant and the Bushes both raise issues on appeal related to the relief granted by the chancery court.  Basically, Reliant argues that the chancery court went too far, and the Bushes argue that the chancery court did not go far enough.  We review a trial court's ruling on a Tennessee Rule of Civil Procedure 60.02 motion to set aside a final judgment under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).  In our review, we consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous

---

[1] The Bushes also sought relief under Rule 9.02 of the Tennessee Rules of Civil Procedure and Rule 36(a) of the Tennessee Rules of Appellate Procedure.  The court concluded that neither of these rules provided it with authority to grant relief from a judgment, and the Bushes do not challenge this determination on appeal.

[2] The case was tried before a different chancellor than the one who heard the Bushes' post-appeal motion for Rule 60.02 relief.

3

assessment of the evidence, or employed reasoning that cause[d] an injustice to the complaining party." *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

Relief under Rule 60.02 is "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The rule is intended "to alleviate the effect of an oppressive or onerous final judgment." *Spence v. Helton*, No. M2005-02527-COA-R3-CV, 2007 WL 1202407, at *3 (Tenn. Ct. App. Apr. 23, 2007). It "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principal of finality embedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). The movant has the burden of proving the grounds for relief. *Spence*, 2007 WL 1202407 at *3.

In their Rule 60.02 motion, the Bushes asked for relief based on claims of mistake and fraud. Under Rule 60.02(1), the court may set aside a final judgment for reasons of "mistake, inadvertence, surprise or excusable neglect." Tenn. R. Civ. P. 60.02. Under Rule 60.02(2), additional reasons for a court to set aside a final judgment are "fraud . . . , misrepresentation, or other misconduct of an adverse party." *Id.* But motions based on Rule 60.02(1) or (2) must be filed within a reasonable time, not more than one year after the order was entered. *Id.*

We conclude the chancery court erred in granting the Bushes' motion. Here, the court entered the final judgment from which the Bushes seek relief on January 30, 2015. The Bushes filed their Rule 60.02 motion on May 25, 2017, over two years after entry of that judgment. Because the motion was untimely, the chancery court should not have entertained it. *See Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 131 (Tenn. 2013) (concluding that "relief [wa]s not available under Rule 60.02(1)" because the petition seeking relief "was not timely filed"); *cf. Rogers v. Estate of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001) ("[M]otions under Rule 60.02(1) and (2) must be filed *both* within a reasonable time *and* within one year after the judgment or order was entered.").

Based on our conclusion that the Bushes' motion was untimely, we need not address the other grounds for reversal asserted by Reliant. We also do not reach the issues raised on appeal by the Bushes, all of which relate to the propriety of the chancery court's judgment that we affirmed in the first appeal.

B.

Reliant requests an award of attorney's fees and expenses incurred on appeal under the terms of the loan documents, specifically Paragraph 20 of the Multipurpose Note and Security Agreement executed by the Bushes. Paragraph 20 provides:

4

**20. ATTORNEY'S FEES AND COLLECTION COSTS:** In the event of default, I [Dr. and Mrs. Bush] agree to pay all reasonable costs you [Reliant] incur to collect on this Loan, including attorney's fees, court costs and other legal expenses.

"[A] contract that generally allowed for 'attorney fees and costs of collection' in the event of default includes attorney's fees on appeal." *Brunswick Acceptance Co., LLC v. MEJ, LLC*, 292 S.W.3d 638, 646 (Tenn. Ct. App. 2008).

We conclude an award of attorney's fees and expenses incurred on appeal is mandated under the parties' agreement. *Cf. Eberbach v. Eberbach*, 535 S.W.3d 467, 478-79 (Tenn. 2017) (holding that appellate courts lack discretion to deny an award of attorney's fees mandated by a valid marital dissolution agreement). So we grant Reliant's request.

## III.

For the foregoing reasons, we reverse the chancery court and reinstate the original judgment against the Bushes. This case is remanded for a determination of Reliant's reasonable attorney's fees and expenses incurred on appeal and for further proceedings as may be necessary and are consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE