IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2023

## STACI L. ROBINSON v. ERIC S. ROBINSON

**Appeal from the Chancery Court for Hawkins County**
**No. 2019-CH-118   Douglas T. Jenkins, Chancellor**

_____

## No. E2023-00546-COA-R3-CV

_____

Husband moved for relief from a final decree of divorce under Tennessee Rule of Civil Procedure 60.02(2).  He claimed that his former spouse intentionally misrepresented her income and assets during the divorce proceedings.  The trial court denied the motion.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and KENNY W. ARMSTRONG, JJ., joined.

Eric S. Armstrong, Kingsport, Tennessee, pro se appellant.

J. Matthew King, Kingsport, Tennessee, for the appellee, Staci Lynn Robinson.

## MEMORANDUM OPINION[1]

### I.

#### A.

In 2019, Staci L. Robinson ("Wife") filed for divorce from Eric S. Robinson ("Husband").  *Robinson v. Robinson*, No. E2020-01535-COA-R3-CV, 2022 WL 2336504, at *1 (Tenn. Ct. App. June 29), *perm app. denied*, (Tenn. Nov. 17, 2022).  In its final decree of divorce, among other things, the trial court divided the marital estate.  *Id.* at *3.  Of the marital assets, the most significant monetarily were three Subway restaurant

_____

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

franchises that the court valued at $450,000. *Id.* The court awarded all three franchises to Wife, but it ordered her "to pay Husband one-half of the $450,000 business valuation." *Id.*

Husband appealed. *Id.* at *4. Perhaps unsurprisingly, one of Husband's issues on appeal was the court's valuation of the Subway franchises. *See id.* He contended that "the trial court erred in relying upon the business valuation performed by Wife's expert witness, Mr. Travis McMurray." *Id.* "At trial, Mr. McMurray testified that the combined value of the Subway franchises was $343,100." *Id.* at *6. But "Husband testified that he believed the combined value of the Subway franchises to be roughly $1,250,000." *Id.*

We determined that the evidence did not preponderate against the $450,000 valuation placed on the franchises by the trial court. *Id.* Husband argued "that Mr. McMurray's testimony was flawed because [he] did not consider the franchises' finalized 2019 tax return documents or use information specific to the subject franchises to project expenses when he conducted the valuation." *Id.* But "we note[d] . . . that both of these considerations were brought to the attention of the trial court by Husband." *Id.* And those considerations might explain the court's valuation "at an amount that was nearly $110,000 more than Mr. McMurray's expert valuation." *Id.*

## B.

While the appeal of the divorce decree was pending, after the filing of his brief, Husband discharged his attorney. Proceeding pro se, Husband then filed a "Memorandum of Law in Support of Appellant's Motion for Relief from Judgment of Final Decree Granted in Trial Court." Citing Tennessee Rule of Civil Procedure 60.02 and the Tennessee Rules of Professional Conduct 3.3 and 4.1, Husband attempted to raise additional issues about the valuation of the Subway franchises. Specifically, Husband contended that his trial counsel and opposing counsel assisted Wife "in a successful attempt to intentionally fraud [sic] the trial court, causing the trial court to undervalue a marital asset in excess of One Million Dollars." We denied the requested relief "without prejudice to the ability of the parties to properly raise issues in their briefs on appeal."

About a month after our order denying relief on his Memorandum of Law, before Wife filed her brief on appeal, Husband filed in the trial court a motion for relief from judgment of final decree. Husband's motion made nearly identical claims to those in his memorandum of law filed with this Court. He claimed that the Subway "franchises were undervalued by the trial court due to [Wife's] misrepresentation of income and intentional fraud on the court resulting in an inequitable division of marital assets." And, thus, he was entitled relief from the final decree of divorce.

Because his appeal to this Court was still pending, the trial court lacked jurisdiction to consider Husband's motion for relief under Tennessee Rule of Civil

2

Procedure 60.02. *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). But after the mandate issued from this Court, the trial court held a hearing on the motion during which it accepted into evidence sixteen exhibits that Husband contended established perjury. After taking the matter under advisement, the court denied the motion. It determined that "[t]he issues raised in the motion were subsumed into the appeal and [were] already decided" and that none of the exhibits "constitute[d] 'new evidence' that ha[d] not yet been considered."

## II.

We review a trial court's ruling on a Rule 60.02 motion under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). We consider whether "the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that cause[d] an injustice to the complaining party." *Id.* (quoting *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)).

Relief under Rule 60.02 is "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The rule "was designed to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principal of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). "This escape valve 'should not be easily opened.'" *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017) (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). So the moving party must prove "that it is entitled to relief by clear and convincing evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 336 (Tenn. 2010).

Rule 60.02 permits a trial court to set aside a final judgment for, among other things, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." TENN. R. CIV. P. 60.02(2). This may include "[b]oth withholding evidence and the knowing use of perjured testimony." *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990). On appeal, Husband contends that the trial court erred because the final decree "encompasses intrinsic fraud due to the misrepresentation of income and assets by [Wife]."

We disagree and conclude that there was no abuse of discretion by the trial court. Husband failed to present clear and convincing proof that Wife withheld evidence, offered perjured testimony, or misrepresented anything. But even were we to assume that Wife's testimony was false or that Wife's valuation expert knowingly relied on false data, that would not necessarily entitle Husband to relief. To be entitled to relief, "the fraud must have prevented the moving party from fully and fairly presenting his case." 11

3

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2860 (3d ed. 1998) (footnote omitted). Husband made no such showing. The question of the valuation of the franchises was fully litigated with Husband offering his own opinion of what they were worth. *Robinson*, 2022 WL 2336504, at *6. Husband's motion appears to be "merely an attempt to relitigate the case," which is not an appropriate basis for a Rule 60.02 motion. *See id.* (footnote omitted).

## III.

We affirm the denial of Husband's motion for relief from judgment. The case is remanded to the trial court for whatever further proceedings are necessary.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE
